# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust | CIVIL ACTION NO: |
| Plaintiff | COMPLAINT |
| vs. | RE:<br>100 Ridge Road, Bath, ME 04530 |
| Brett A. McIntire | Mortgage:<br>June 3, 2009 |
| Defendant | Book 3091, Page 253 |
| Ford Motor Credit Company, LLC and Harry E. Inman, Jr. | |
| Party-In-Interest | |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Brett A. McIntire, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in which the Defendant, Brett

A. McIntire, is the obligor and the total amount owed under the terms of the Note is One Hundred Sixty-Three Thousand Eighty-Two and 45/100 ($163,082.45) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is a corporation with its principal place of business located at 425 Walnut Street, Cincinnati, OH 45205.

5. The Defendant, Brett A. McIntire, is a resident of Bath, County of Sagadahoc and State of Maine.

6. The Party-in-Interest, Ford Motor Credit Company, LLC, is located at c/o CT Corporation System, 128 State Street, #3, Augusta, ME 04330.

7. The Party-in-Interest, Harry E. Inman, Jr., is located at 96 Ridge Road, Bath, ME 04530.

## FACTS

8. On June 3, 2009, by virtue of a Quitclaim Deed from United States of America, U.S. Army Corps of Engineers, Savannah District, which is recorded in the Sagadahoc County Registry of Deeds in **Book 3091, Page 250**, the property situated at 100 Ridge Road, Bath, County of Sagadahoc, and State of Maine, was conveyed to the Defendant, Brett A. McIntire, being more particularly described by the legal description in the attached Exhibit A; the correct legal description for the mortgaged property is attached hereto as Exhibit B (a true and correct copy of the legal description is attached hereto and incorporated herein).

9. On June 3, 2009, the Defendant, Brett A. McIntire, executed and delivered to MetLife Home Loans, a Division of MetLife Bank, N.A. a certain Note in the amount of $112,200.00. *See* Exhibit C (a true and correct copy of the Note is attached hereto and incorporated herein).

10. To secure said Note, on June 3, 2009, the Defendant executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems Inc. as nominee for MetLife Home Loans, a Division of MetLife Bank, N.A., securing the property located at 100 Ridge Road, Bath, ME 04530, which Mortgage Deed is recorded in the Sagadahoc County Registry of Deeds in **Book 3091**, **Page 253**. *See* Exhibit D (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to MetLife Home Loans, a Division of MetLife Bank, N.A. by virtue of an Assignment of Mortgage, dated March 12, 2013, and recorded in the Sagadahoc County Registry of Deeds in **Book 3492**, **Page 158**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to JPMorgan Chase Bank, N.A. by virtue of an Assignment of Mortgage, dated March 12, 2013, and recorded in the Sagadahoc County Registry of Deeds in **Book 3492**, **Page 160**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to Nationstar Mortgage, LLC by virtue of an Assignment of Mortgage, dated May 18, 2013, and recorded in the Sagadahoc County Registry of Deeds in **Book 3519**, **Page 298**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then assigned to Nationstar Mortgage LLC by virtue of a Corrective Assignment of Mortgage, dated June 26, 2014, and recorded in the Sagadahoc County

Registry of Deeds in **Book 3608**, **Page 127**. *See* Exhibit H (a true and correct copy of the Corrective Assignment of Mortgage is attached hereto and incorporated herein).

15. On December 12, 2014, the Defendant, Brett A. McIntire, executed a Modification Agreement which increased the principal amount of the Note to $116,222.97 (herein after referred to as the "Loan Modification"). *See* Exhibit I (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

16. The Mortgage was then assigned to Nationstar Mortgage LLC by virtue of an Assignment of Mortgage, dated June 25, 2015, and recorded in the Sagadahoc County Registry of Deeds in **Book 2015R**, **Page 04757**. *See* Exhibit J (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

17. The Mortgage was then assigned to Nationstar Mortgage LLC by virtue of a Quitclaim Assignment, dated December 4, 2015, and recorded in the Sagadahoc County Registry of Deeds in **Book 2015R**, **Page 09322**. *See* Exhibit K (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

18. The Mortgage was then assigned to MetLife Home Loans, a Division of MetLife Bank, N.A., by virtue of an Assignment of Mortgage, dated October 19, 2016, and recorded in the Sagadahoc County Registry of Deeds in **Book 2016R**, **Page 08182**. *See* Exhibit L (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

19. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by virtue of an Assignment of Mortgage, dated October 19, 2016, and recorded in the Sagadahoc County Registry of Deeds in **Book 2016R**, **Page 08183**. *See* Exhibit M (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

20. The Mortgage was then affected by virtue of a Rescission of Assignment, dated January 5, 2018, and recorded in the Sagadahoc County Registry of Deeds in **Book 2018R**, **Page 00263**. *See* Exhibit N (a true and correct copy of the Rescission of Assignment is attached hereto and incorporated herein).

21. The Mortgage was further assigned to Nationstar Mortgage LLC by virtue of a Corrective Assignment of Mortgage and recorded in the Sagadahoc County Registry of Deeds in **Book 2018R**, **Page 00264**. *See* Exhibit O (a true and correct copy of the Corrective Assignment of Mortgage is attached hereto and incorporated herein).

22. The Mortgage was further assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by virtue of a Quitclaim Assignment, dated September 13, 2018, and recorded in the Sagadahoc County Registry of Deeds in **Book 2018R**, **Page 08196**. *See* Exhibit P (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

23. On May 2, 2019, the Defendant, Brett A. McIntire, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit Q (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

24. The Demand Letter informed the Defendant, Brett A. McIntire, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit Q.

25. The Defendant, Brett A. McIntire, failed to cure the default prior to the expiration of the Demand Letter.

26. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable),

payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

27. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the lawful holder and owner of the Note and Mortgage.

28. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

29. Ford Motor Credit Company, LLC is a Party-in-Interest pursuant to a Writ of Execution in the amount of $3,642.38, dated March 30, 2015, and recorded in the Sagadahoc County Registry of Deeds in **Book 2015R**, **Page 03626,** and is in second position behind Plaintiff's Mortgage.

30. Harry E. Inman, Jr. is a Party-in-Interest pursuant to a Warranty Deed, dated September 1, 2016, and recorded in the Sagadahoc County Registry of Deeds in **Book 2016R, Page 06644,** from Brett A. McIntire to Harry E. Inman, Jr., and is in third position behind Plaintiff's Mortgage.

31. The total debt owed under the Note and Mortgage as of July 5, 2019 is One Hundred Sixty-Three Thousand Eighty-Two and 45/100 ($163,082.45) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $116,144.29 |
| Interest | $25,541.41 |
| Escrow/Impound Required | $20,477.96 |
| Late Fees | $716.04 |
| Total Advances | $811.00 |
| Unapplied Funds | $-608.25 |
| Grand Total | $163,082.45 |

32. Upon information and belief, the Defendant, Brett A. McIntire, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

33. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 32 as if fully set forth herein.

34. This is an action for foreclosure respecting a real estate related Mortgage and title located at 100 Ridge Road, Bath, County of Sagadahoc, and State of Maine. *See* Exhibit A.

35. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the holder of the Note referenced in Paragraph 9 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, has the right to foreclosure upon the subject property.

36. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Note.

37. The Defendant, Brett A. McIntire, is presently in default on said Mortgage and Note, having failed to make the monthly payment due February 1, 2015, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

38. The total debt owed under the Note and Mortgage as of July 5, 2019 is One Hundred Sixty-Three Thousand Eighty-Two and 45/100 ($163,082.45) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $116,144.29 |
| Interest | $25,541.41 |
| Escrow/Impound Required | $20,477.96 |
| Late Fees | $716.04 |
| Total Advances | $811.00 |
| Unapplied Funds | $-608.25 |
| Grand Total | $163,082.45 |

39. The record established through the Sagadahoc County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

40. By virtue of the Defendant's breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

41. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, Brett A. McIntire, on May 2, 2019, evidenced by the Certificate of Mailing.  *See* Exhibit Q.

42. The Defendant, Brett A. McIntire, is not in the Military as evidenced by the attached Exhibit R.

## COUNT II – REFORMATION OF LEGAL DESCRIPTION

43. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 42 as if fully set forth herein.

44. It was the intent of the parties that the Mortgage dated June 3, 2009, and recorded in the Sagadahoc County Registry of Deeds in Book 3091, Page 253, which is the subject of this foreclosure action, contain the legal description as stated in the deed dated June 3, 2009, and recorded on June 5, 2019 at Book 3091, Page 250.  A copy of the correct legal description is attached hereto as Exhibit B.

## COUNT III – BREACH OF NOTE

45. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 44 as if fully set forth herein.

46. On June 3, 2009, the Defendant, Brett A. McIntire, executed and delivered to Metlife Home Loans, a division of Metlife Bank, N.A. a certain Note in the amount of $112,200.00. *See* Exhibit B.

47. The Defendant, Brett A. McIntire, is in default for failure to properly tender the February 1, 2015 payment and all subsequent payments. *See* Exhibit P.

48. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Brett A. McIntire.

49. The Defendant, Brett A. McIntire, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

50. The Defendant Brett A. McIntire's breach is knowing, willful, and continuing.

51. The Defendant Brett A. McIntire's breach has caused Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

52. The total debt owed under the Note and Mortgage as of July 5, 2019, if no payments are made, is One Hundred Sixty-Three Thousand Eighty-Two and 45/100 ($163,082.45) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $116,144.29 |
| Interest | $25,541.41 |
| Escrow/Impound Required | $20,477.96 |
| Late Fees | $716.04 |
| Total Advances | $811.00 |
| Unapplied Funds | $-608.25 |
| Grand Total | $163,082.45 |

53. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT IV – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

54. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 53 as if fully set forth herein.

55. By executing, under seal, and delivering the Note, the Defendant, Brett A. McIntire, entered into a written contract with MetLife Home Loans, a Division of MetLife Bank, N.A., who agreed to loan the amount of $112,200.00 to the Defendant. *See* Exhibit B.

56. As part of this contract and transaction, the Defendant, Brett A. McIntire, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

57. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and successor-in-interest to MetLife Home Loans, a Division of MetLife Bank, N.A., and has performed its obligations under the Note and Mortgage.

58. The Defendant, Brett A. McIntire, breached the terms of the Note and Mortgage by failing to properly tender the February 1, 2015 payment and all subsequent payments. *See* Exhibit P.

59. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Brett A. McIntire.

60. The Defendant, Brett A. McIntire, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

61. The Defendant, Brett A. McIntire, is indebted to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust in the sum of One Hundred Sixty-Three Thousand Eighty-Two and 45/100 ($163,082.45) Dollars, for money lent by the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to the Defendant.

62. Defendant Brett A. McIntire's breach is knowing, willful, and continuing.

63. Defendant Brett A. McIntire's breach has caused Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

64. The total debt owed under the Note and Mortgage as of July 5, 2019, if no payments are made, is One Hundred Sixty-Three Thousand Eighty-Two and 45/100 ($163,082.45) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $116,144.29 |
| Interest | $25,541.41 |
| Escrow/Impound Required | $20,477.96 |
| Late Fees | $716.04 |
| Total Advances | $811.00 |
| Unapplied Funds | $-608.25 |
| Grand Total | $163,082.45 |

65. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT V – QUANTUM MERUIT

66. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 65 as if fully set forth herein.

67. MetLife Home Loans, a Division of MetLife Bank, N.A., predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned Defendant, Brett A. McIntire, $112,200.00.  *See* Exhibit B.

68. The Defendant, Brett A. McIntire, is in default for failure to properly tender the February 1, 2015 payment and all subsequent payments.  *See* Exhibit P.

69. As a result of the Defendant Brett A. McIntire's failure to perform under the terms of their obligation, the Defendant, should be required to compensate the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust.

70. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT VI – UNJUST ENRICHMENT

71. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 70 as if fully set forth herein.

72. MetLife Home Loans, a Division of MetLife Bank, N.A., predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned the Defendant, Brett A. McIntire, $112,200.00.  *See* Exhibit B.

73. The Defendant, Brett A. McIntire, has failed to repay the loan obligation.

74. As a result, the Defendant, Brett A. McIntire, has been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust as successor-in-interest to MetLife Home Loans, a Division of MetLife Bank, N.A., by having received the aforesaid benefits and money and not repaying said benefits and money.

75. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, upon the expiration of the period of redemption;

c) Find that the Defendant, Brett A. McIntire, is in breach of the Note by failing to make payment due as of February 1, 2015, and all subsequent payments;

d) Find that the Defendant, Brett A. McIntire, is in breach of the Mortgage by failing to make payment due as of February 1, 2015, and all subsequent payments;

e) Find that the Defendant, Brett A. McIntire, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, Brett A. McIntire, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due February 1, 2015 and all subsequent payments;

g) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendant, Brett A. McIntire has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to restitution;

j) Find that the Defendant, Brett A. McIntire, is liable to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, for money had and received;

k) Find that the Defendant, Brett A. McIntire, is liable to the Plaintiff for *quantum meruit*;

l) Find that the Defendant, Brett A. McIntire, has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, Brett A. McIntire, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to restitution for this benefit from the Defendant, Brett A. McIntire;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Brett A. McIntire, and in favor of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in the amount of One Hundred Sixty-Three Thousand Eighty-Two and 45/100 ($163,082.45) Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) Reform the legal description as found in the Mortgage, to reflect the correct legal description as attached hereto as Exhibit B;

r) Find that the conveyance reference in Paragraph 30 of a warranty deed to Harry E. Inman, Jr., dated September 1, 2016, and recorded in the Sagadahoc County Registry of Deeds in Book 2016R, Page 06644, is subject to the Plaintiff's Mortgage recorded at Book 3091, Page 253;

s) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust,
By its attorneys,

Dated: June 28, 2019

/s/ Reneau J. Longoria, Esq.
/s/ John A. Doonan, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com